UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| AARON MOHLMAN,<br><br>        Plaintiff,<br><br>v.<br><br>WAYNE COUNTY TREASURER'S<br>OFFICE, et al.,<br><br>        Defendants. | Case No. 26-cv-10985<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE AMENDED COMPLAINT**

Aaron Mohlman commenced this action against the Wayne County Treasurer's Office and the purchaser of a property sold at a county tax sale. The amended complaint alleges that the Treasurer violated the federal constitution and several Michigan statutes when he sold the property without notifying Mohlman of the impending tax sale. Mohlman claims that the sale extinguished his judgment creditor's lien that was attached to the property.

Before the Court is Mohlman's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the

application and allow the amended complaint to be filed without prepayment of the filing fee, and (2) dismiss the amended complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Mohlman's federal claims fail as a matter of law.  18 U.S.C. § 242 is a criminal statute.  It does not create a "private civil right of action." *Mallory-Bey v. Novastar Mortg., Inc.*, No. 07-14374, 2008 U.S. Dist. LEXIS 107396, at *4 (E.D. Mich. Dec. 12, 2008).  26 U.S.C. § 7425 pertains to federal tax liens, not state-court judgment

2

liens, which Mohlman claims to possess. (ECF No. 5, PageID.11-12).  And when it comes to property tax sales, the Takings Clause in the Fifth Amendment to the United States Constitution is only implicated "when a State confiscates more property than it is owed."[1] *Howard v. Macomb Cnty.*, 133 F.4th 566, 569 (6th Cir. 2025).  The amended complaint never makes this assertion.

Instead, Mohlman seems to contend that the Wayne County Treasurer violated state procedures that would have adequately notified him (in his capacity as a judgment lienholder) that the tax sale was scheduled to occur. (ECF No. 5, PageID.12).  But that theory is more consistent with a Fourteenth Amendment procedural due process claim – a cause of action that does not appear in the amended complaint.  And even then, a "violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983." *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010).  So none of the asserted federal claims allege a plausible basis for relief.

That leaves open the exercise of supplemental jurisdiction over the remaining state statutory violations.[2]  A district court "may decline to exercise supplemental

---

[1] The Fifth Amendment's Takings Clause applies to state and local governments through the Fourteenth Amendment. *Slaybaugh v. Rutherford Cnty.*, 114 F.4th 593, 596 (6th Cir. 2024); *see also Chi., B & Q.R. Co. v. City of Chi.*, 166 U.S. 226, 239 (1897) (the first case to incorporate the Fifth Amendment's Takings Clause against the states).

[2] It seems likely that the Wayne County Treasurer is entitled to sovereign immunity on both the federal and state law claims because he is functioning as an "arm of the

jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007). Supplemental jurisdiction "should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Here, the likelihood of multiple litigations is minimal.  And Mohlman raises novel issues concerning Michigan's property tax foreclosure proceedings.  Because Michigan state courts are best suited to address those questions, the Court declines to exercise supplemental jurisdiction over the pendent state statutory violations. Dismissal on this ground "is of course without prejudice." *Experimental Holdings*, 503 F.3d at 522.  Accordingly,

---

state" when "foreclos[ing] on certain tax-delinquent properties. *Bowles v. Sabree*, No. 22-1912, 2024 U.S. App. LEXIS 8879, at *8 (6th Cir. Apr. 10, 2024).  The Court will not decide the immunity question, however, since the record is not entirely clear on this point.

4

IT IS ORDERED that Mohlman's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted.  The amended complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 5) is dismissed.

IT IS FURTHER ORDERED that Mohlman may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 15, 2026                        s/ Robert J. White
                                            Robert J. White
                                            United States District Judge